IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon L. Seago, | ) | C/A No. 3:16-2548-CMC-PJG |
|                    Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Central Midlands Council of Government; Benjamin Mauldin, *in his individual capacity*, | ) ) | |
|                    Defendant. | ) | |

The plaintiff, Sharon L. Seago, filed this employment action alleging age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and various state law claims against the defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss the state law claims. (ECF No. 7.) Seago filed a response in opposition, (ECF No. 15), and the defendants filed a reply (ECF No. 16). Having carefully considered the parties' submissions and the record in this case, the court concludes the defendants' motion should be denied.

## BACKGROUND

The following facts are taken from Seago's Amended Complaint. (ECF No. 1-3.) Seago was hired by Defendant Central Midlands Council of Government ("CMCOG") in 1998 and remained employed by CMCOG for sixteen years, most recently serving as the Director of the Area Agency

---

[1] The action was originally filed in the Richland County Court of Common Pleas. The defendants removed this action on July 15, 2016. (ECF No. 1.)

Page 1 of 11



on Aging. (Am. Compl. ¶ 6, ECF No. 1-3 at 3.) In July 2013, Defendant Benjamin Mauldin was hired as CMCOG's Executive Director. (Id. ¶ 7.) Upon his hiring, Mauldin began asking Seago when she planned to retire. (Id. ¶ 8.) He asked this question in front of Seago's co-workers and colleagues working at other organizations. (Id.) Mauldin also told some people that "Sharon needs to retire." (Id.)

In late June or early July 2014, Mauldin began accusing Seago of performance deficiencies. (Id. ¶¶ 11-14, ECF No. 1-3 at 3-4.) On July 16, 2014, Mauldin sent Seago an email falsely accusing her of behaving rudely and unprofessionally during a telephone conversation with the staff of the Lieutenant Governor's Office on Aging, and of failing to notify him of her plans to travel to the SC4A conference. (Id.) On August 8, 2014, Mauldin sent an email to CMCOG's Deputy Director, Reginald Simmons, instructing him to terminate Seago. (Id. ¶ 22, ECF No. 1-3 at 5.) On August 11, 2014, Simmons and Felicia Anders, CMCOG's Human Resources or Operations Manager, informed Seago in a meeting that she was terminated. (Id. ¶ 23.) During the meeting, Simmons and Anders openly berated and scolded Seago in front of other staff members, falsely accusing her of unprofessional and inappropriate behavior, violating company policies and procedures, and being unfit for her profession. (Id. ¶¶ 25, 39, 41, ECF No. 1-3 at 5, 7-8, 12.) Seago claims she must now seek subsequent employment with a termination on her record and her reputation ruined. (Id. ¶ 26, ECF No. 1-3 at 5.)

# DISCUSSION

**A.      Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.      Analysis**

    **1.      Seago's Defamation Claim Against Both Defendants**

To establish a claim of defamation under South Carolina law, "a plaintiff must show '(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" Banks v. St. Matthew Baptist Church,



750 S.E.2d 605, 607 (S.C. 2013) (quoting Erickson v. Jones St. Publishers, LLC, 629 S.E.2d 653, 664 (S.C. 2006)).[2]

Defendants argue Seago's Amended Complaint fails to state a claim upon which relief can be granted as to her defamation claims. Specifically, Defendants argue the Amended Complaint fails to identify a false and defamatory statement, who made such a statement, and to whom it was published. The court disagrees. Seago puts forth two instances where defamatory statements were allegedly made—Mauldin's accusations about Seago's age, performance, and professionalism, and Anderson's similar statements during Seago's termination meeting.[3] As to Mauldin's accusations, Seago alleges Mauldin falsely accused her of being too old to work, unprofessional, and unfit for her profession. (Am. Compl. ¶ 51, ECF No. 1-3 at 9.) Seago alleges these accusations were maliciously published to family, friends, co-workers, and colleagues. (Id. ¶52, ECF No. 1-3 at 9.) As to the Anderson statements, Seago alleges Anderson accused her of unprofessional and inappropriate behavior, violating company policies and procedures, and being unfit for her profession. (Id. ¶ 38, ECF No. 1-3 at 7.) Seago alleges these statements were maliciously published to her co-workers and

---

[2] To survive a motion to dismiss, a plaintiff's factual averments must fall on the spectrum somewhere above purely speculative and conjectural conclusions but below strict assertions of *prima facie* elements. See Twombly, 550 U.S. at 569-70 (reaffirming the Court's holding in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002), that it is not appropriate to require a plaintiff to plead facts establishing a *prima facie* case because it conflicts with the "short and plain statement" standard set forth in Federal Rule of Civil Procedure 8(a)(2)). In determining whether a plaintiff's allegations are sufficient to state a plausible claim for relief, courts must use their common sense and judicial experience. See Iqbal, 556 U.S. at 679.

[3] It is not clear whether Seago attributes Mauldin's statements to CMCOG, especially considering her allegation that Mauldin's statements were made outside the course and scope of his employment. (Am. Compl. ¶ 51; ECF No. 1-3 at 9.)



various colleagues who worked for other organizations and state agencies.[4] (Id. ¶ 40, ECF No. 1-3 at 8.) Accordingly, for each defendant, the Amended Complaint sufficiently identifies purportedly false and defamatory statements, who made those statements, and to whom they were published.

### 2.     Seago's Whistleblower Claim Against CMCOG

The Whistleblower Act, S.C. Code Ann. §§ 8-27-10, et seq., provides employees of public bodies a cause of action against their employer if the employer retaliates against the employee for reporting wrongdoing. See S.C. Code Ann. § 8-27-30(A) ("If an employee is dismissed, suspended from employment, demoted, or receives a decrease in compensation, within one year after having timely reported an alleged wrongdoing under this chapter, the employee may institute a nonjury civil action against the employing public body . . . ."); Town of Duncan v. State Budget & Control Bd., Div. of Ins. Servs., 482 S.E.2d 768, 772 (S.C. 1997) ("Under the Whistleblower Act, public employees can recover if they show their employer retaliated against them for filing a well-grounded, good-faith report of wrongdoing with an appropriate authority. The employee must show the employer's action was because of the filing, however, and was not motivated by an independent reason.") (internal citations omitted). Under the Act, "wrongdoing" is defined as "action by a public body which results in substantial abuse, misuse, destruction, or loss of substantial public funds or public resources," or "an allegation that a public employee has intentionally violated federal or state

---

[4] Defendants also argue that Seago is a public official, and therefore, she must plead "actual malice," and her failure to do so requires dismissal of the claim. See Elder v. Gaffney Ledger, 533 S.E.2d 899, 901 (S.C. 2000) ("In defamation actions involving a 'public official' or 'public figure,' the plaintiff must prove the statement was made with 'actual malice,' i.e., with either knowledge that it was false or reckless disregard for its truth.") (citing New York Times Co. v. Sullivan, 376 U.S. 254 (1964)). Defendants do not cite to, and the court is not aware of, any authority that would require a defamation plaintiff *plead* actual malice, especially considering the conclusory nature of Defendants' presumption that Seago is a public official, which is unsupported in Defendants' motion.



statutory law or regulations or other political subdivision ordinances or regulations or a code of ethics, which violation is not merely technical or of a minimum nature." S.C. Code Ann. § 8-27-10(5).

Defendants argue the Amended Complaint fails to state a claim upon which relief can be granted as to Seago's Whistleblower Act claim. Specifically, Defendants argue Seago *has not pled* that she complied with the Act's requirement that she exhaust all grievances or other administrative remedies, or shown that any previous proceedings resulted in a finding that she would not have been disciplined but for the reporting of alleged wrongdoing. See S.C. Code Ann. § 8-27-30(A) ("No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing."). In response, Seago argues no such administrative remedies were available to her, and to bar her claim for failure to exhaust would lead to an absurd result.

The court finds that Seago's Whistleblower Act claim should not be dismissed for failure to exhaust administrative remedies at this time. The statute only requires an employee exhaust "all *available* grievance or other administrative remedies." S.C. Code Ann. § 8-27-30(A) (emphasis added). Defendant CMCOG has failed to identify any process for grievances or administrative remedies that were available to Seago. In support of its motion, Defendant CMCOG cites to two cases from this district where claims pursuant to the Whistleblower Act were dismissed because the plaintiffs failed to show they exhausted their administrative remedies and received a finding that they would not have been retaliated against but for their report of wrongdoing. See Giraldo v. City of Columbia, 47 F. Supp. 3d 430, 434 (D.S.C. 2014); Burdine v. Greenville Tech. Coll., C.A. No. 6:08-



cv-03764-JMC, 2010 WL 5211544, *13 (D.S.C. Dec. 16, 2010). However, Giraldo is distinguishable because although the plaintiff in that case made use of an available grievance procedure, the grievance committee did not find that the plaintiff's report of wrongdoing was the but-for cause of her termination, which failed to satisfy the second prong of the exhaustion requirement in § 8-27-30(A). Here, unlike the defendants in Giraldo and Burdine, Defendant CMCOG has not identified any available grievance process or other administrative remedy available to Seago, as noted above. Furthermore, Defendant CMCOG fails to provide any authority establishing that a plaintiff must *plead* that she satisfied the exhaustion requirement in § 8-27-30(A). Compare Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (stating that a federal district court lacks subject matter jurisdiction over an FTCA claim when a plaintiff fails to follow the statutory exhaustion requirements of 28 U.S.C. § 2675(a)); with Jones v. Bock, 549 U.S. 199, 216 (2007) (holding that failure to exhaust is an affirmative defense under the PLRA, and plaintiffs are not required to specially plead or demonstrate exhaustion in their complaints); and Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trs., 735 S.E.2d 492, 497 (S.C. 2012) ("[T]he failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction.") (quoting Ward v. State, 538 S.E.2d 245, 246, n.5 (S.C. 2000)). Defendant CMCOG has failed to carry its burden to show Seago had any available administrative remedy to exhaust. Accordingly, it is not entitled to dismissal of this claim on that basis at this time.

Defendants also argue that Seago has not pled that she filed a "Report," as that term is defined under the Whistleblower Act.[5] However, even if Seago were required to plead that she filed a "Report," Defendants' argument is refuted by the the Amended Complaint:

> The Plaintiff reported serious matters of concern, in writing as well as orally, as to the actions being taken by the Defendant COG, the Lieutenant Governor's Office a COG contractor, and a community agency to the Inspector General's Office.
>
> The Plaintiff reported internal violations of the law, regulations, public policy, and standards of conduct.

(Am. Compl. ¶¶ 45 & 46, ECF No. 1-3 at 9.) Accordingly, Seago's Whistleblower Act claim should not be dismissed for failing to state a claim upon which relief can be granted.

### 3.     Civil Conspiracy Against Defendant Mauldin

Under South Carolina law, a "civil conspiracy is a combination of two or more parties joined for the purpose of injuring the plaintiff and thereby causing special damage." People's Fed. Savings

---

[5] " 'Report' means:

(a) a written or oral allegation of waste or wrongdoing that contains the following information:

　　(i) the date of disclosure;

　　(ii) the name of the employee making the report; and

　　(iii) the nature of the wrongdoing and the date or range of dates on which the wrongdoing allegedly occurred. A report must be made within one hundred eighty days of the date the reporting employee first learns of the alleged wrongdoing; or

(b) sworn testimony regarding wrongdoing, regardless of when the wrongdoing allegedly occurred, given to any standing committee, subcommittee of a standing committee, oversight committee, oversight subcommittee, or study committee of the Senate or the House of Representatives."

S.C. Code Ann. § 8-27-10(4).



& Loan Ass'n v. Ress. Planning Corp., 596 S.E.2d 51, 56-57 (S.C. 2004). Defendants argue Seago's civil conspiracy claim against Defendant Mauldin should be dismissed for failure to state a claim upon which relief can be granted on three bases.

First, Defendants argue that Seago cannot bring a civil conspiracy claim against her former employer or agent of that employer for actions resulting in termination because she was an at-will employee. See Ross v. Life Ins. Co. of Va., 259 S.E.2d 814, 814 (S.C. 1979) (holding the plaintiff could not maintain a cause of action for civil conspiracy against her employer for conspiring to terminate her because, as an at-will employee, should could be terminated at any time for any reason). However, nothing in the Amended Complaint suggests that Seago's civil conspiracy claim is based on a conspiracy to have Seago terminated. Rather, Seago alleges Defendant Mauldin and others conspired to "have Plaintiff singled out from her colleagues, ostracized, and blacklisted in the community . . . sought to ruin Plaintiff's professional reputation in order to perpetuate their own scheme for revenge, personal gain, and personal agenda[.]" (Am. Compl. ¶ 57, ECF No. 1-3 at 10-11.) Accordingly, Seago's purported at-will status does not necessarily affect her civil conspiracy claim.

Second, Defendants argue Seago failed to plead that Defendant Mauldin acted in furtherance of the alleged conspiracy. Defendants' argument is again refuted by the Amended Complaint, which alleges Mauldin and others met in secret and planned to have Seago ostracized from her colleagues and blacklisted in the community, issued false accusations against her, sought to ruin her professional reputation, instituted a sham investigation against her, and brought unfounded disciplinary action against her. (Id. ¶¶ 57, 59) Therefore, the Amended Complaint sufficiently alleges that Mauldin acted in furtherance of the purported conspiracy.

Third, Defendants argue Seago failed to plead special damages that are different than those pled for Seago's other claims.  See Hackworth v. Greywood at Hammet, LLC, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) ("Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action. . . . If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed.") (citing Vaught v. Waites, 387 S.E.2d 91 (S.C. Ct. App. 1989)).  However, the Amended Complaint alleges Seago incurred pain and suffering and emotional distress as a result of bring ostracized and blacklisted, (Am. Compl. ¶ 60, ECF No. 1-3 at 11), and these damages appear to be separate and distinct from other damages pled under Seago's claims alleging defamation, discrimination, and retaliation.  Accordingly, the court finds Seago's civil conspiracy claim should not be dismissed for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

Based on the foregoing, the court recommends Defendants' motion to dismiss be denied. (ECF No. 7.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 31, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).