IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sharon L. Seago,<br><br>   Plaintiff<br> v.<br><br>Central Midlands Council of Government,<br>And Benjamin Mauldin, in his official capacity,<br><br>   Defendants. | C/A. No. 3:16-cv-2548-CMC-PJG<br><br>**Opinion and Order** |

  Through this action, Plaintiff Sharon Seago ("Plaintiff") seeks recovery from her former employer, Central Midlands Council of Government ("CMCOG") and Benjamin Mauldin ("Mauldin") (collectively "Defendants"), for alleged employment discrimination and retaliation pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and for defamation against CMOG (third cause of action), violation of the South Carolina Whistleblower Act (fourth cause of action), defamation against Mauldin (fifth cause of action) and civil conspiracy against Mauldin (sixth cause of action). ECF. No. 1-3, Am. Compl. (as removed from state court). The matter is before the court on Defendants' Motion to Dismiss Plaintiff's third, fourth, fifth, and sixth causes of action and to dismiss Mauldin as a party, pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 7.

  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On November 3, 2016, the Magistrate Judge issued a Report recommending that Defendants' motion to dismiss be denied. ECF No. 19. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to

the Report and the serious consequences if they failed to do so. On December 2, 2016, after being granted an extension of time in which to file objections, Defendants filed objections to the Report. ECF No. 23. This matter is now ripe for resolution.

## I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

Defendants present several objections to the Report, arguing that the Magistrate Judge's findings regarding the Whistleblower Act and civil conspiracy claims were erroneous and those claims should be dismissed. The objections are discussed below in turn.

### a. *Defamation claims*

According to Defendants' objections to the Report, the parties have resolved the motion as to the defamation claims: "Plaintiff will dismiss the defamation claim against Mr. Mauldin in his individual capacity and Defendants will withdraw the motion to dismiss Plaintiff's defamation

2

claim against the CMCOG." ECF No. 23. Therefore, the defamation claims will not be addressed further in this Order, as Defendants' motion as to the defamation claim against CMCOG has been withdrawn. Plaintiff may file a stipulation of dismissal as to the defamation claim against Mauldin.

        *b. Whistleblower Claim against CMCOG*

In their motion to dismiss, Defendants argue that Plaintiff's claim under the South Carolina Whistleblower Act should be dismissed because Plaintiff failed to plead that she has exhausted all available administrative remedies and shown that previous proceedings have resulted in a finding that she would not have been disciplined but for her report of alleged wrongdoing. *See* S.C. Code § 8-27-30(A) ("No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing."). The Magistrate Judge concluded that Plaintiff's Whistleblower Act claim should not be dismissed because Plaintiff is not required to plead the exhaustion requirement as set forth in the Act. ECF No. 19 at 6. CMCOG objects, arguing that the language of the Act and Federal Rules of Civil Procedure require Plaintiff to plead that she has satisfied the exhaustion requirement. ECF No. 23 at 4. The court has considered the record, the applicable law, the Report, and the objections *de novo*, and declines to adopt the Report's recommendation that the Whistleblower Act claim not be dismissed.

Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2005) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rule 9(c) requires a party to plead conditions precedent, at least in a general manner. Fed. R. Civ. P. 9(c). Plaintiff has failed to allege that she satisfied the exhaustion prerequisites in

3

her Amended Complaint. The Whistleblower statute requires that "no action *may be brought* under this chapter unless" the statutory prerequisites are met. S.C. Code § 8-27-30(A).

Plaintiff's failure to allege in her Amended Complaint that she has met the conditions precedent, or even that "grievance or other administrative remedies" were unavailable, means that she has failed to state a claim sufficient for relief under the Act.[1] *See Jones v. Richland Cty.*, No. 3:16-0466, 2016 WL 5402862, at *2 (D.S.C. Sept. 28, 2016) (granting motion to dismiss Whistleblower Act claim where "Plaintiff has failed to meet the requirements of section 8-27-30(A) by not alleging or providing any facts" to satisfy the statutory prerequisites in the Act.); *Giraldo v. City of Columbia*, 47 F.Supp.3d 430, 434 (D.S.C. Sept. 18, 2014) (granting summary judgment when "Plaintiff failed to meet the prerequisite set forth in S.C. Code Ann. § 8-27-30(A) to bring a whistleblower action against the City."); *Burdine v. Greenville Technical College*, No. 6:08-cv-03764, 2010 WL 5211544, at *13 (D.S.C. Dec. 16, 2010) (granting summary judgment when the plaintiff "failed to produce evidence establishing exhaustion of all available remedies," "failed to present evidence that any previous proceedings resulted in a finding that she would not have been disciplined but for the reporting of alleged wrongdoing as required by the Whistleblower Act," and therefore "failed to plead or produce any evidence of actionable retaliation.").

The Magistrate Judge noted that Defendants had "not identified any available grievance process or other administrative remedy available to [Plaintiff.]" ECF No. 19 at 7. However, because the exhaustion prerequisites are not an affirmative defense, but statutory requirements

---

[1] In Defendants' objections to the Report, they note Plaintiff did avail herself of administrative remedies before the CMCOG Executive Committee, which unanimously approved the termination decision. Therefore, it appears Plaintiff cannot allege that "previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing."

4

placed on Plaintiff, it was not Defendants' burden to plead available administrative remedies. The burden remains on Plaintiff to plead the requirements of the statute, which she has failed to do or even offer to do. *See Burdine*, 2010 WL 5211544, at *13 ("Plaintiff . . . has not satisfied the fundamental requirements necessary to bring a claim."); *Cf. Plyler v. U.S.*, 900 F.2d 41, 42 (4th Cir. 1990) (dismissing claim where statute stated that "an action shall not be instituted . . .unless the claimant shall have first presented the claim to the appropriate Federal agency . . ." and Plaintiff failed to exhaust administrative remedies prior to filing suit).

Therefore, Plaintiff's claim under the South Carolina Whistleblower Act is dismissed.

### c. *Civil Conspiracy Claim against Mauldin*

Defendants argue that Plaintiff's civil conspiracy claim against Mauldin should be dismissed for several reasons: 1) Plaintiff was an at-will employee who may not maintain a civil conspiracy against her employer for actions resulting in termination, 2) she failed to plead specific acts taken by Mauldin in furtherance of the conspiracy, and 3) she failed to plead special damages. ECF No. 7-1 at 10-11.  The Report recommends Defendants' motion to dismiss this claim be denied, because the conspiracy was to "ruin Plaintiff's professional reputation," not merely to terminate her employment; the Complaint alleges sufficient acts in furtherance of the conspiracy; and Plaintiff pled special damages as a result of being ostracized and blacklisted.  ECF No. 19 at 9-10.  Defendants object, arguing the conspiracy claim is based on a conspiracy to terminate Plaintiff's employment, Mauldin engaged in conduct resulting in Plaintiff's termination, and Plaintiffs failed to distinguish her emotional distress damages related to her civil conspiracy claim from those related to other claims.

As to the first issue, the court finds that Plaintiff is barred by the prohibition against civil conspiracy actions for termination by an at-will employer.  *See Ross v. Life Ins. Co. of Virginia*,

5

259 S.E.2d 814 (S.C. 1979) ("South Carolina has embraced the general rule that [at-will] employment may be terminated at any time for any reason or for no reason at all. Therefore, appellant's allegations of conspiracy fail to state a cause of action."); *Angus v. Burroughs & Chapin Co.*, 628 S.E.2d 261, 262 (S.C. 2006) ("[A]n at-will employee may not maintain a civil conspiracy action against her employer."); *Faile v Lancaster Cty.*, No. 11-2206, 2013 WL 786447 (D.S.C. Mar. 1, 2013) ("[A] civil conspiracy claim by an at-will employee against an employer *arising out of the employee's termination* is barred. . . ."). While Plaintiff pled her civil conspiracy claim in terms of ruination of her professional reputation via being ostracized and blacklisted in the community, she was in fact terminated from her position at the direction of Mauldin, who is the only defendant named in her civil conspiracy claim. She also incorporates the facts regarding her termination into the civil conspiracy claim. Therefore, her civil conspiracy claim is grounded in the actions that led to her termination and cannot survive under *Ross* and *Angus*. *See Killian v. City of Abbeville*, No. 8:14-1078, 2015 WL 1011339, at *3-4 (D.S.C. Mar. 6, 2015); *Faile*, 2013 WL 786447, at *4-5.

Because Plaintiff's civil conspiracy claim is barred, the court need not address whether Mauldin acted in furtherance of the conspiracy or whether Plaintiff sufficiently pled special damages. This claim is dismissed.

### III.    Conclusion

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Defendants' objections, the court declines to adopt the Report and Recommendation of the Magistrate Judge.

Defendants' partial motion to dismiss is **granted**:  Plaintiff's Whistleblower Act and civil conspiracy claims are dismissed without prejudice. Because Plaintiff's defamation claim against

Mauldin is to be dismissed by agreement of the parties, Mauldin can be dismissed as a defendant when that stipulation of dismissal is filed. The matter shall proceed as to the ADEA claims and defamation claim against CMCOG and is re-referred to the Magistrate Judge for further pretrial proceedings.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 9, 2017

7